It is assigned for error that the courts below admitted in evidence two certificates of the Secretary of State under his hand and seal of office, and two certificates of the clerk of the county of Middlesex: the former to show that the defendant, and Ira C. Voorhees before whom the defendant had appeared to prosecute, had been appointed and commissioned as justices of the peace; and the two latter certificates to prove that they had severally been sworn into office as such. But it is not necessary to express any opinion upon the sufficiency or competency of such evidence, since it appears upon the record that it was proved on the trial that both Voorhees and Conover at the time of the trial before the former, were in the habit of acting as and exercising the offices of justices of the peace.
In Berryman v. Wise, 4 T. R. 366, Buller, Justice, said, that in the case of all peace officers, justices of the peace, constables, &c., it was sufficient to prove that they acted in those characters, without producing their appointments; and that even in the case of murder. And in that case, which was an action for words spoken of the plaintiff as an attorney, it was held not to be necessary to prove his admission to the bar, or to produce the roll of attorneys, but that proof that he acted as an attorney was sufficient. This doctrine was recognized and acted on in the case of Potter v. Luther, 3 Johns. R. 431; and in Snow v. Peacock, 2 Carr, and Payne, 215 (12 Eng. com. law cond. R. 95.) Chief Justice Best, said, that proof that a man acts as a magistrate, is proof of his being one in any case. This objection therefore cannot prevail.
The real ground of defence set up by the defendant below, if any, is found in the state of the case certified to us by the court of Common Pleas. By that, and the accompanying documents therein referred to, it appears that two men who had been partners in trade, had dissolved their partnership, and by a writing under their hands and seals, had agreed that all the books of account, vouchers, &c., should be placed in the hands of Conover, the defendant below for liquidation and settlement, and they *297 thereby appointed him their lawful attorney for them and to their use, to collect all moneys due to the firm, and apply the same so far as necessary to the satisfaction of debts due from the firm, and to account, &o.
The suit in which Conover appeared and prosecuted before justice Voorhees, and in doing which he is supposed to have incurred this penalty, was a suit brought in the name of those late partners for a debt alleged to be due to that firm. Now the statute forbids a judge, justice of the peace, or constable, from appearing in a court for the trial of small causes, and prosecuting or defending any cause in which he is not a party on the record. The case then as above stated brings the defendant below clearly within the letter of the statute: whether he is within the meaning and spirit of it, and therefore liable to the penalty, is another question. The letter of the law would prevent a judge, justice or constable from prosecuting in person for a debt due to himself, if it was due on a book account, or any security not assignable in law, and an action for which must necessarily be brought in the name of the original party to the contract. This was never the intention of the law. Its object was to break up an unworthy practice, which formerly prevailed, of such officers in some parts of the country, appearing in the courts for the trial of small causes as the lawyers or counsel for the parties litigant.
I am clearly of opinion, therefore, that if a judge or justice of the peace, or a constable should be the bona fide assignee of a book account, or a note or other security not negotiable, it would be no breach of the law for him to institute an action for the recovery of the money, in the name of his assignor (as he must do, if he sues for it at all,) and to appear and prosecute the claim in his own person, and for his own benefit.
Unfortunately, however, for the defendant below in this case he cannot claim the protection of this principle. I have carefully examined the document above referred to, in the hope that I could find some title in him to the debt sued for; but I cannot. There is no assignment of the debts to him, either legal, equitable or constructive. So far as respects Conover, it is a mere joint power of attorney ; making him their attorney in fact, to sue for and collect the assets of the firm, and to account for and pay over *298 the same to them or for their use. It is just such a power of attorney as might be given to any other justice of the peace, or to any constable; and such as would be resorted to continually, for the purpose of evading the law, if we held this case not to be within its provisions.
If Conover was the assignee of these debts, and so authorized to appear in his own person and to use the names of the assignors, he could not be a witness; but there is nothing in this case which would prevent him from being a witness in any suit he might prosecute under the power of attorney given to him by the members of the partnership.
There is no reason, at least none on record, to suppose that justice Conover appeared and prosecuted the suit before justice Voorhees, for fee or reward. On the contrary, I believe his motives were pure and benevolent; but we cannot make any such discrimination. If the law is a bad one, let it be repealed ; but while it is on our statute book, we cannot disregard its provisions.
There was one ground suggested on the argument, upon which I thought we might take this case out of the statute. It was this: that the design of the law was to prevent persons holding the official stations mentioned in the statute from degrading their offices by habitually stirring up law suits and acting as advocates before other magistrates; and that it was not intended to prevent a man from appointing such an officer his general agent to collect his debts and attend to his concerns. But the statute takes away this ground of defence, by an express provision that nothing therein contained shall prevent a judge or justice from transacting the general concerns of a person who is absent and resident without this state. Thus by a plain implication showing that a person present and resident within the state may not by appointing a judge or justice his general agent, authorize him to appear and prosecute or defend suits before a justice of the peace.
The judgment must therefore be affirmed with costs.